IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JULEE BLANCHARD,** | : | CIVIL ACTION NUMBER _____ |
| *Plaintiff* | : | |
| | : | |
| **VERSUS** | : | JUDGE _____ |
| | : | |
| **MIDLAND FUNDING, LLC,** | : | |
| *Defendant* | : | MAGISTRATE _____ |

## COMPLAINT

### I. Introduction

1. This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. Jurisdiction

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k, 28 U.S.C. §§ 1331 and 1337.

### III. Parties

3. Plaintiff, Julee Blanchard (hereinafter "Blanchard" or "plaintiff"), is a natural person who resides in East Feliciana Parish and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant, Midland Funding, LLC (hereinafter "Midland" or "defendant") is a foreign corporation whose registered agent for service of process is Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129.  Midland, at all times

relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA.

## IV. Factual Allegations

5. In or about September 2010, Midland, through its agents and/or representatives, called plaintiff's place of employment multiple times in an attempt to collect a debt after being told by plaintiff not to contact her at work.

6. In or about September 2010, Midland, through its agents and/or representatives, left a detailed message regarding an alleged debt owed by the plaintiff in a public voice mail box at plaintiff's place of employment. The mail box is accessible by the plaintiff's entire office and the detailed message regarding the account was heard by plaintiff's co-workers.

7. In or about September 2010, Midland, through its agents and/or representatives, made threats of legal action that it was not, at that time, capable of taking.

8. Throughout the course of 2010 and continuing through the end of 2010, Midland, through its agents and/or representatives, contacted the plaintiff's in-laws and disclosed numerous details about the plaintiff's alleged delinquent account. Midland also mailed documentation to the plaintiff's in-laws that disclosed numerous details about the plaintiff's alleged delinquent account.

9. On December 28, 2010, Midland, through its attorneys Eaton Group Attorneys, LLC, filed a collection lawsuit against the plaintiff in an inconvenient and improper venue. This lawsuit, entitled *Midland Funding, LLC versus Julee Widner*, Number 21133, Division "B," 20th Judicial District Court, Parish of West Feliciana, State of Louisiana, was filed in a parish where the plaintiff did not reside, and where the plaintiff had never resided. This lawsuit was

ultimately dismissed. Plaintiff incurred attorney fees and costs in defending the improperly filed collection lawsuit.

## V. Claim for Relief

10. Defendant, Midland, violated the FDCPA, 15 U.S.C. §1692, *et seq.* Defendant's violations of the FDCPA include, but are not limited to, the following:

  (a) Defendant violated 15 U.S.C. § 1692c(b) by communicating with third parties, namely plaintiff's in-laws and co-workers, about plaintiffs' account;

  (b) Defendant violated 15 U.S.C. § 1692c(c) by contacting plaintiff at work after the plaintiff had requested that defendant cease communication with plaintiff;

  (c) Defendant violated 15 U.S.C. § 1692e(5) by making threats of legal action that it was incapable of performing;

  (d) Defendant violated 15 U.S.C. § 1692e(10) by using deceptive means in an attempt to obtain information about the plaintiff from her in-laws;

  (e) Defendant violated 15 U.S.C. § 1692i by filing a collection lawsuit against the plaintiff in an inconvenient and improper venue where the plaintiff does not reside and has never resided.

11. Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, and emotional distress, for which she should be compensated at an amount to be proven at trial.

12. Plaintiff has incurred legal fees and costs in the defense of Midland's frivolous and improperly filed collection lawsuit.

13. As a result of the above violations of the FDCPA, Midland is liable to Blanchard for statutory damages pursuant to 15 U.S.C. § 1692k.

14. As a result of the above violations of the FDCPA, the defendant, Midland, is liable to the plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and plaintiff's actual damages, statutory damages, costs, and attorney's fees.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in her favor and against the defendant, Midland Funding, LLC, for:

   A. Actual damages;

   B. Statutory damages;

   C. Additional damages;

   D. Legal fees, expenses, and costs; and

   E. Such other and further relief that the Court deems due and appropriate.

A JURY TRIAL IS DEMANDED.

Dated: October 27, 2011

Respectfully Submitted:
**GRAND LAW FIRM, LLC**

/s/ J. David Andress
J. David Andress (27944)
Devon B. Bardin (33507)
10537 Kentshire Court, Suite A
Baton Rouge, Louisiana 70810
Telephone: (225) 769-1414
Facsimile: (225) 769-2300
Email: david@grandlawfirm.com
Attorneys for Plaintiff, Julee Blanchard